IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No. 07-cv-01156-MSK-BNB

CHAD MARTINEZ, and
LARRY KING, individually and as class representatives,

Plaintiffs,

v.

SOCIAL SECURITY ADMINISTRATION, an agency of the United States Government,

Defendant.

_____

# ORDER
_____

This matter is before me on the **SSA's Motion for Protective Order Under Federal Rule of Civil Procedure 26(c)** [Doc. # 30, filed 10/23/2007] (the "Motion for Protective Order"). I held a hearing on November 15, 2007, and took the matter under advisement. The Motion for Protective Order is GRANTED IN PART and DENIED IN PART as specified.

This is a Freedom of Information action. The plaintiffs are class representatives in a state court action (the "Underlying Action") brought against the Colorado Department of Human Services ("DHS") and others. In that capacity, the plaintiffs have undertaken numerous efforts in various ways to determine information about the Social Security Administration's (the "SSA") reimbursement to DHS of interim assistance benefits paid to successful Supplemental Security Income ("SSI") claimants. The purpose of the Underlying Action has been explained as follows:

> Plaintiffs Chad Martinez and Larry King filed [the Underlying Action], on behalf of themselves and other AND [Aid to the Needy Disabled benefits] recipients who received AND benefits from the

> DHS while their application for SSI [Supplemental Security
> Income] benefits was pending. In such cases, an AND recipient is
> required to reimburse the DHS for all AND benefits received if the
> SSI claim is ultimately approved. However, the SSI claims for
> many AND recipients are initially denied by the Social Security
> Administration, and in order to pursue the denial of their SSI
> claims, many AND recipients hire a lawyer or other authorized
> representative, and incur legal expenses. If these AND recipients
> are successful, the DHS collects back all its money without
> contributing to the legal expenses incurred by the AND recipient.
> The Plaintiffs in this case are challenging the right of the DHS to
> collect back all the AND benefits without contributing its fair share
> of the legal expenses. The Plaintiffs seek to represent all persons
> who (1) reimbursed the DHS for AND benefits out of a recovery of
> SSI benefits and (2) who paid an attorney or non-attorney
> representative authorized by the Social Security Administration for
> representation in the SSI appeal.
>
> * * *
>
> On behalf of themselves and the Class defined above, Plaintiffs seek
> to recover the fair share of the attorney/non-attorney representative
> fees and expenses which they and Class members paid and from
> which the DHS received the benefit.
>
> The DHS contends that it is not required to contribute to the legal
> expenses incurred by the Class members, and that it has not been
> unjustly enriched by declining to do so.

Notice of Pendency of Class Action Lawsuit [Doc. # 1-4, filed 6/1/2007] at p.23-24 of 40. The plaintiffs claim that they need information about the SSA payments to calculate their damages.

FOIA addresses the circumstances under which an agency of the United States must disclose information to the public. Among other things, FOIA requires that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall made the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

There are exemptions to the government's obligation to disclose records under FOIA. In this case, the SSA has relied on the exemption contained in 5 U.S.C. § 552(b)(6) to avoid producing the information requested by the plaintiffs.[1] Section 552(b)(6) provides:

> (b) This section does not apply to matters that are–
> \* \* \*
> (6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. . . .

The unwarranted invasion of privacy exemption notwithstanding, a governmental agency

---

[1]The SSA's response to the plaintiffs' FOIA request states:

> [Y]ou are requesting information from our records about Supplemental Security Income recipients. . . . However, we cannot release this information to you. The information you requested is protected by the Privacy Act of 1974 (5 U.S.C. § 552a [concerning disclosure of records maintained on individuals]). We can disclose such information only as that Act permits. To disclose this information to a member of the public, we need the written consent of the individuals whose records are requested. The information requested is exempt from disclosure under the Freedom of Information Act (FOIA) (5 U.S.C. § 552). The FOIA does not require agencies to disclose information that would be a clearly unwarranted invasion of personal privacy (5 U.S.C. § 552(b)(6)).
> \* \* \*
> [T]he only public interest that agencies should consider is whether disclosure of the records would shed light on the way an agency performs its statutory duties. We may not consider the identity of the requester or the purpose for which the information is requested. While there clearly is a public interest in knowing how the Social Security Administration administers the Social Security Act, disclosure of records containing personal information about named individuals would not shed light on how the agency performs its statutory duties. Therefore, disclosure of such personal information would be a clearly unwarranted invasion of personal privacy, and the FOIA exempts the records from disclosure.

SSA Response to FOIA Request [Doc. # 1-4] at pp.3-4 of 40.

has a duty under FOIA to release any and all reasonably segregable non-exempt information contained in the identified government records. Forest Guardians v. United States Dept. of Interior, 2004 WL 3426434 *12 (D. N.M. Feb 28, 2004). As the court noted in People for the American Way Foundation v. National Park Service, 503 F. Supp. 2d 284, 296 (D.D.C 2007):

> "[a] district court that 'simply approve[s] the withholding of an entire document without entering a finding on segregability, or lack thereof,' errs." Krikorian v. Dep't of State, 984 F.2d 461, 467 (D.C. Cir. 1993)(citations omitted); see also Elec. Privacy Info. Ctr., 2006 WL 626925, at *6 (explaining "district courts are required to consider segregability issues even when the parties have not specifically raised such claims" (citing Trans-Pac. Policing Agreement v. U.S. Customs Serv., 177 F.3d 1022, 1028 (D.C.Cir. 1999))). Accordingly, with regard to any document an agency believes falls under a FOIA exemption, the agency is required to "undertake a segregability analysis, in which it separates the exempt from the non-exempt portions of the document, and produces the relevant non-exempt information." Edmonds Inst., 383 F. Supp. 2d at 108; see also Vaughn, 484 F.2d at 825 ("[A]n entire document is not exempt merely because an isolated portion need not be disclosed. Thus, the agency may not sweep a document under a general allegation of exemption, even if that general allegation is correct with regard to part of the information.")

FOIA requires that the responding agency provide a detailed justification for its decision; conclusory statements of exemption are insufficient. Mead Data Central, Inc. v. United States Dep't of the Air Force, 566 F.2d 242, 260 (D.C.Cir. 1977); Group v. U.S. Customs and Border Protection Bureau, 2005 WL 913268 *9 (D.D.C. 2005).

The Motion for Protective Order seeks to prevent a Rule 30(b)(6) deposition of the Social Security Administration. The plaintiffs seek to depose the SSA on the following topics:

> (a) The acquisition, retention, compilation, storage and retrieval of data and information regarding attorney fees and IAR payments associated with Colorado SSI claims.
>
> (b) The data maintained by the Social Security Administration regarding reimbursement of interim assistance benefits to or for the state of Colorado and/or Colorado counties from February 9, 1999, through the present.
>
> (c) The data maintained by the Social Security Administration regarding SSI recipients, specifically Colorado resident SSI recipients, including data regarding the back SSI benefits awarded at the time the recipient has obtained a favorable decision and SSI benefits are first initiated and paid, from February 9, 1999, through the present.
>
> (d) The data maintained by the Social Security Administration regarding SSI claimants (specifically Colorado resident claimants) who are represented by an attorney or other authorized representative, including attorney fees paid or approved by the SSA, from February 9, 1999, through the present, including March 1, 2005, through the present.
>
> (e) The information posted by the Social Security Administration on its website, titled "Statistics on Payments to Claimant Representatives," at http://www.ssa.gov/representation/statistics.htm, and the sources and methods of gathering or compiling such information.

Notice of Fed. R. Civ. P. 30(b)(6) Deposition [Doc. # 30-2] at ¶5.

"FOIA actions are typically resolved without discovery." Voinche v. F.B.I., 412 F. Supp. 2d 60, 71 (D.D.C. 2006). However:

> The normal Federal Rules of Civil Procedure governing discovery do apply to FOIA cases, . . . and discovery has been found to be appropriate where the requester is contesting the scope of the government's search for records responsive to the request, where doubt exists regarding the government's indexing or classification procedures, or where good faith in processing the request is in doubt. Discovery might also be pursued to test ambiguous or

> generalized descriptions or conclusions contained in affidavits filed
> in support of the government's motion for summary judgment.

50 Am. Jur. Trials 407 at §32 (Cum. Supp.) (citing Van Strum v. U.S. Environmental Protection Agency, 680 F. Supp. 349, 352 (D. Or. 1987)); see Tannehill v. Dept. of the Air Force, 1987 WL 25657 (D.D.C. Nov. 12, 1987)(stating that discovery is proper only as to "those requests concerning the narrow subject of the instant lawsuit").

In this case, I find that discovery is proper to probe the SSA's good faith in processing the request and in asserting generally the privacy exemption without undertaking a segregability analysis. For example, the plaintiffs argued at the hearing that they would not object to the SSA's redaction of the applicable Social Security Numbers, which could eliminate the SSA's privacy concerns. The SSA, however, interposed a boilerplate privacy objection to the plaintiffs' FOIA request, see n. 1 supra, and has provided no analysis explaining why the segregation proposed by the plaintiffs, or any other, would not allow the release of the remaining information requested.

Most of the topics proposed for the Rule 30(b)(6) deposition are outside the scope of permitted discovery, and as to them the Motion for Protective Order is granted. Discovery on topics (a) and (d) of the Rule 30(b)(6) Notice is proper, however, to allow the plaintiffs to probe the segregability issue.

IT IS ORDERED that the Motion for Protective Order is GRANTED IN PART and DENIED IN PART as specified:

DENIED, and the Rule 30(b)(6) deposition of the Social Security Administration may proceed, on the following topics:

> (a)  The acquisition, retention, compilation, storage and retrieval of
> data and information regarding attorney fees and IAR payments

associated with Colorado SSI claims; and

(d) The data maintained by the Social Security Administration regarding SSI claimants (specifically Colorado resident claimants) who are represented by an attorney or other authorized representative, including attorney fees paid or approved by the SSA, from February 9, 1999, through the present, including March 1, 2005, through the present; and

GRANTED in all other respects, and that discovery shall not be had.

Dated December 13, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge