IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01156-MSK-BNB
(Consolidated with Civil Action No. 07-cv-01553-MSK-BNB)

CHAD MARTINEZ, and
LARRY KING, individually and as class representatives,

       Plaintiffs,

v.

SOCIAL SECURITY ADMINISTRATION, an agency of the United States Government,

and

CHAD MARTINEZ, and
LARRY KING, individually and as class representatives,

       Plaintiffs,

v.

COLORADO DEPARTMENT OF HUMAN SERVICES, and
OTERO COUNTY DEPARTMENT OF SOCIAL SERVICES,

       Defendants.

## OPINION AND ORDER

THIS MATTER comes before the Court on a complaint filed pursuant to the Freedom of Information Act, as well as three motions filed in this consolidated case. The first is a motion filed by the Social Security Administration in Civil Action No. 07-cv-01553-MSK-BNB **(#6)** to vacate a state court order directing the Social Security Administration to produce information,

which is fully briefed.[1]  The second is a motion filed by the Social Security Administration in the Freedom of Information Act ("FOIA") action, Civil Action No. 07-cv-01156-MSK-BNB **(#9)** for summary judgment,[2] which is also fully briefed.[3]  The third is a motion to intervene in the FOIA action **(#37)** filed by the Colorado Department of Human Services, which is also fully briefed.[4]  Having considered the same, the Court finds and concludes as follows.

## I. Procedural Background

Plaintiffs in this action, Chad Martinez and Larry King, are also plaintiffs in a state court action brought against the Colorado Department of Human Services and the Otero County Department of Social Services (collectively, "the State of Colorado").  In the state court action they act as class representatives for a class of individuals who have sought and obtained Supplemental Security Income benefits.  According to their allegations in the state court action, applications for Supplemental Security Income benefits are frequently denied.  When that occurs,

---

[1] The response was filed at **(#12)** in Civil Action No. 07-cv-01553-MSK-BNB.  The reply was filed at **(#28)** in Civil Action No. 07-cv-01156-MSK-BNB after consolidation.  All docket entries from **(#18)** upward were filed in Civil Action No. 07-cv-01156-MSK-BNB.

[2] Although the Social Security Administration has moved for summary judgment on the FOIA claim, the purpose of a motion under Fed. R. Civ. P. 56 is to determine whether a trial is required.  Here, it is apparent that what the parties actually desire is *de novo* review of the Social Security Administration's denial of the FOIA request.

[3] The response and reply were filed at **(#15)** and **(#22)** in Civil Action No. 07-cv-01156-MSK-BNB before consolidation.

[4] The Social Security Administration and Plaintiffs responded **(#45 & #46),** and the Colorado Department of Human Services replied **(#47)**.  The Court has reviewed what has been submitted by the Colorado Department of Human Services in conjunction with the determination of the FOIA issues, but specifically finds that intervention in the matters before the Court is neither required nor appropriate under Fed. R. Civ. P. 24.  The FOIA issues are unrelated to the merits or administration of the state court class action.  Whether information should be disclosed under FOIA is distinct from how the information can or should be used in other pending litigation.  As a consequence, the determination of the FOIA claim cannot impair any interest the Colorado Department of Human Services has in the class action.

the applicant may appeal. During the appeal, the applicant may seek and obtain so-called Aid to the Needy Disabled benefits from the State of Colorado. If the applicant is successful on appeal and obtains Supplemental Security Income benefits, the Social Security Administration then reimburses the State of Colorado for the Aid to the Needy Disabled benefits that were paid to the applicant.[5] The Plaintiffs contend that reimbursement payments included amounts that had been awarded to applicants for legal fees, and that the State of Colorado has refused to pay such amounts to the applicants.

As part of the discovery in the state action, pursuant to FOIA, the Plaintiffs requested the Social Security Administration to produce detailed information pertaining to reimbursement payments. The Social Security Administration denied the FOIA request on the basis that it would be an "unwarranted invasion of personal privacy" of the applicants for whom payments had been made. The Plaintiffs then requested that the state court compel the Social Security Administration to provide the requested information pursuant to 5 U.S.C. § 552a(b)(11) and 20 C.F.R. § 401.180.[6] The Plaintiffs also commenced Civil Action No. 07-cv-01156-MSK-BNB in this Court in accordance with FOIA, seeking precisely the same relief.

The state court granted the Plaintiffs' motion to compel production subject to a protective

---

[5] In many of the exhibits, this payment is referred to as Interim Assistance Reimbursement ("IAR"), because it represents reimbursement by the Social Security Administration to the State for benefits paid on an interim basis.

[6] These provisions are found in the Privacy Act of 1974, and the Social Security Administration's regulation implementing it.

order.[7] The Social Security Administration then removed the order compelling production to this Court for reconsideration.[8]

Because the parties and the issues in the FOIA action (Civil Action No. 07-cv-01156-MSK-BNB) and the matter removed to this court (Civil Action No. 07-cv-01553-MSK-BNB) are the same, the actions have been consolidated. They raise a single issue – whether the Social Security Administration is required to produce the requested information under FOIA. With regard to this issue, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).[9]

## II. Facts

The undisputed facts are:

1.  The Plaintiffs, Chad Martinez and Larry King, are class representatives in the underlying class action pending in the District Court for the County of Denver, Colorado.

---

[7] The protective order limited use of the disclosed information, as follows:
  1. The information will be for "Attorney's Eyes Only", and no other person will be allowed to review it absent further Court Order;
  2. The information will be for the use of the current suit ONLY, absent further Court Order;
  3. The information will not be copied or otherwise distributed in any manner, absent further Court Order. Any pleading in which the information is referred to shall be filed under Seal with this Court.

[8] Removal was pursuant to 28 U.S.C. § 1442(a)(1).

[9] Under 5 U.S.C. § 552(a)(4)(b), jurisdiction to determine FOIA disputes is granted to U.S. district courts:
  Upon complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

4

2. Under FOIA, the Plaintiffs requested the Social Security Administration to provide specific information with regard to 11,282 identified social security numbers, and as to any other persons for whom the Social Security Administration paid reimbursement to the State of Colorado for Aid to the Needy Disabled benefits. As to both groups, the Plaintiffs requested that the Social Security Administration:

> List by claimant all [reimbursement] payments made or approved by the Social Security Administration to the State of Colorado including:
> a. Amount of the [reimbursement] payment
> b. Date of the [reimbursement] payment
> c. Amount of attorneys' fees paid by the Social Security Administration to the attorney or authorized representative of the claimant
>    i. If amount of attorneys' fees is not available, indicate whether the Social Security Administration approved attorneys' fees for the claim
>    ii. Amount of attorneys' fees approved
> d. Social security number of the claimant, if the claimant is not already listed in the attached file
> e. Additional fields that would be useful in documenting our calculation of damages are:
>    i. Date of [Supplemental Security Income] Application
>    ii. Date of [Supplemental Security Income] favorable decision
>    iii. Date of initial [Supplemental Security Income] payment to claimant
>    iv. Amount of initial [Supplemental Security Income] payment to claimant

The request sought this information in tabular form, with the first column listing each social security number and separate columns for each specified type of information. Thus, all information requested was to be correlated to a claimant identified by a specific social security number.

3. The Social Security Administration denied the FOIA request under Exemption 6 of

FOIA because the information was protected by the Privacy Act of 1974, 5 U.S.C. § 552a. It explained: "To disclose this information to a member of the public, we need the written consent of the individuals whose records are requested. . . . The FOIA does not require agencies to disclose information that would be a clearly unwarranted invasion of personal privacy (5 U.S.C. § 552(b)(6))."

### III. Analysis

The Court begins with the "Administrative Procedure" subchapter of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 through § 559 which contains two interrelated laws – FOIA and the Privacy Act of 1974. 5 U.S.C. §§ 552, 552a. The purpose of FOIA is to facilitate the public's access to government records. *See Sheet Metal Workers Intern. Ass'n, Local No. 9 v. U.S. Air Force,* 63 F.3d 994, 996 (10th Cir. 1995). The Privacy Act limits such disclosures where necessary to protect individuals' privacy. *See Thomas v. U.S. Dept. of Energy,* 719 F.2d 342, 345-46 (10th Cir. 1983); 5 U.S.C. § 552a(b)(2).

Under FOIA, an agency is required to make governmental records available to any person who requests them. 5 U.S.C. § 552(a)(3). Ordinarily, the agency is required to provide the record in the form or format requested if it can be readily reproducible in such form or format. 5 U.S.C. §552(a)(3)(B). However, an agency can deny an information request under any of nine statutory exemptions. 5 U.S.C. § 552(b). If the agency denies a request to disclose information, the requesting party can initiate a civil action to determine the matter. Review of the denial of a FOIA request is *de novo.* 5 U.S.C. § 552(a)(4)(b).

Under FOIA, there is a strong presumption in favor of disclosure; it is the agency's burden to justify nondisclosure under any FOIA exemption. 5 U.S.C. §552(a)(4)(b); *Sheet Metal*

*Workers*, 63 F.3d at 996.  Here, the Social Security Administration invoked FOIA Exemption 6, which excepts production of "(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy[.]"  5 U.S.C. § 552(b)(6).  The term "similar files" is broadly construed and includes any Government record which can be identified as applying to an individual.  *See Trentadue v. Integrity Committee,* 501 F.3d 1215, 1232-33 (10th Cir. 2007) (internal quotes and citations omitted).  However, Exemption 6 protects only information which can be tied to an identified person, as opposed to raw data which is unconnected to a particular person.  *See id.* at 1233-34.

To determine whether a requested disclosure "would constitute a clearly unwarranted invasion of personal privacy", the Court balances the public interest in disclosure against the privacy interest Congress intended the exemption to protect.  *Id.* at 1233.  Public interest refers to the core purpose of the FOIA, namely, to contribute to public understanding of the operations or activities of the government, as opposed to the interests of the requesting party.[10]  *Forest Guardians v. U.S. FEMA,* 410 F.3d 1214, 1218 (10th Cir. 2005); *Trentadue,* 501 F.3d at 1233.  When the requested information pertains to an agency's performance of statutory duties, there is a public interest in disclosure; conversely, if the information reveals little to nothing about an agency's conduct, then generally the public interest is not furthered by disclosure.  *Trentadue,* 501 F.3d at 1233.  In determining whether there is a privacy interest, courts consider whether the disclosure would be of an individual's identifying information as described in the Privacy Act.  *See*

---

[10] The United States Supreme Court has stated that this is the <u>only</u> relevant public interest in this balancing analysis.  *See Bibles v. Oregon Natural Desert Ass'n*, 519 U.S. 355, 355-56 (1997) (quotations and citation omitted) (per curiam).  In addition, the purpose for which the information is requested is irrelevant to the analysis.  *Id.*  Thus, whether the Plaintiffs actually need the information to assist them in their class action is irrelevant.

7

*U.S. Dept. of Justice v. Reporters Committee For Freedom of the Press,* 489 U.S. 749, 766-67 (1989).

The Social Security Administration contends that the requested information should not be released because it is individualized, personal information regarding disability applications and payments for more than 11,000 individuals holding the specified social security numbers. It argues that the requested information is specifically correlated to particular social security numbers and therefore to the persons who hold them. Although those persons could request information from the Social Security Administration on their own, to release such information without their request or consent would constitute an unwarranted invasion of their privacy.

The Plaintiffs respond that they only seek aggregate data without identifying information. They further argue that the public has a right to know about the attorney fees which the Social Security Administration has paid, and the manner in which it pays them. They also assert that the public's interest in disclosure outweighs any privacy interests at stake. They urge the Court to be guided by the reasoning in *Lepelletier v. F.D.I.C.*, 164 F.3d 37 (D.C. Cir. 1999), and to consider benefits of disclosure to the class members in assessing the privacy interest.

The court in *Lepelletier* reasoned that even if there is no public interest in disclosure, a privacy interest that disfavors disclosure can be outweighed by benefits associated with disclosure. In *Lepelletier*, a "money finder" sought disclosure of the names of depositors who had failed to claim funds at banks for which the F.D.I.C. was a receiver. The money was to be forfeited to the F.D.I.C. unless claimed by the depositors. In determining whether the names should be disclosed, the district court found that although there was no obvious public interest favoring disclosure and the depositors had a privacy interest favoring nondisclosure of their names, there was a clear

benefit to the depositors if they learned that they had funds that could be claimed. The court expressly held that "the FOIA analysis under Exemption 6 must include consideration of any interest the individual might have in the release of the information, particularly when the individuals who are 'protected' under this exemption are likely unaware of the information that could benefit them." *Id.* at 48.[11]

In this case, the Plaintiffs have requested information as to the amounts and dates of reimbursement payments and the portions of such payments attributable to attorney fees, all correlated to particular claimants and their social security numbers. Because the request includes information as to amounts paid by the Social Security Administration to the State of Colorado, it implicates a public interest – the information sheds light on whether and how the Social Security Administration has complied with its statutory obligation to provide Supplemental Security Income benefits to qualified applicants, and whether and how it has complied with an obligation to reimburse the State of Colorado for benefits the State provided on an interim basis.

However, disclosure of this information also implicates the privacy interests of 11,282 people whose social security numbers are listed. Each of them has a privacy interest both in the confidential nature of their social security numbers and in information about their disability claims, awards and payments. It is beyond cavil that an individual's social security number is

---

[11] However, it cautioned that any disclosure of an individual's name should not be matched with the amount of money owed to that individual. *Id.*

considered to be private identifying information.[12] Public disclosure of social security numbers can create a risk of identity theft.

In addition, the fact that an individual holding a particular social security number has applied for and been awarded disability benefits and attorney fees of a particular amount is personal information. Revelation of this information without the consent of the applicant destroys the practical obscurity and protections inherent in the process of determining Social Security applications. Proceedings before the Social Security Administration and in the United States District Court are public proceedings, but each case is independent. Public knowledge of a particular case requires research of records or attendance at hearings. As a general rule, there is no publication of the award in a particular case or a summary of awards in multiple cases. Thus applicants can practically rely upon the inconvenience in obtaining information about their application and award to help protect their identity and payment stream. Although a member of the public might know of a particular application and award of benefits, it is unlikely that, absent substantial effort, such person would have access to a summary of the applications and awards of more than 11,000 applicants. Similar to the risk of identity theft, public revelation of such personal information could create a risk of interception or diversion of social security benefit

---

[12] Congress has repeatedly expressed concern as to the risk of identity theft associated with the disclosure of social security numbers, and has characterized a social security number as sensitive and personal. *See* 15 U.S.C. § 1681g (addressing identity theft and requiring, in certain instances, that a consumer reporting agency truncate social security numbers); 18 U.S.C. §§ 1028 & 1028a (penalizing identity theft based upon, *inter alia*, use of another person's social security number); 38 U.S.C. § 5727 (a social security number is "sensitive personal information"). Identity theft based upon the use of another person's social security number is also subject to criminal penalties in many states, including Colorado. *See* § 18-5-901, C.R.S., *et seq.* Recent amendments to Fed. R. Civ. P. 5.2 and Fed. R. Crim. P. 49.1, promulgated in response to the E-Government Act of 2002, require redaction of social security numbers in most documents filed with the Court.

payments. Interestingly, both this risk and the risk associated with release of the social security number can be reduced or eliminated if the holder of an identified social security number requests and obtains their own information.

As part of this calculus, the Plaintiffs also ask the Court to consider the potential benefit of disclosure to the members of the represented class. Although the Court has some doubt as to the applicability of and correctness as to the reasoning in *Lepelletier*, it will, for purposes of completeness, apply it here.

Unlike the persons identified in *Lepelletier*, a potential benefit to class members in the state court action is not altogether clear. First, from this record it is not clear that the holders of the more than 11,000 social security numbers identified in the request are class members. Were that the case, there would seem to be little need to confirm the existence of a disability award or the payment of sums that included attorney fees. If the holder of an identified social security number received no award or no allocation for payment of attorney fees, such person would not be a member of the class, and therefore would receive no benefit from the litigation. Despite the absence of any benefit, such person nevertheless would suffer the revelation of both his/her social security number and the fact that an application for benefits had been made.

Second, as to class members any benefit is speculative. Apparently the Plaintiffs have retained an expert who can estimate the amount of legal fees due to each class member without receipt of the Social Security Administration data. The Plaintiffs concede that "the claims at issue in [the class action] can be fully litigated without the requested data", however they contend that the requested data provides a superior way of calculating the legal fees owed to each class member. The Court agrees that there may be a benefit to counsel representing the class in having

the requested information as an admission from the Social Security Administration, all neatly and comprehensively correlated. The scope and the tabulation of the requested information could reduce the costs of the litigation and facilitate the administration of any award.

However, aid to the litigation process does not directly equate to a benefit to all class members. Obviously, the plaintiffs in the state court action must prevail for there to be any benefit to any claimant. In such event, the plaintiffs seek a refund of attorney or other legal fees to those claimants who "paid counsel or a non-attorney representative". There may be claimants who were awarded fees, but who have made no payment to their counsel and therefore would not be entitled to a reimbursement. The attorney for these claimants might benefit from an award, but to the extent that they have not required the claimants to pay for legal services, the claimants receive no benefit. Finally, as noted in assessing the privacy interest, any speculative benefit can be obtained without intruding upon claimants' privacy simply by having class members obtain and supply information about their claims to the Plaintiffs or class counsel.

The Privacy Act also recognizes a substantial privacy interest in the requested information. The Privacy Act protects records which contain an individual's educational, financial, medical, criminal, and employment information, as well as those which contain an individual's "identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph." 5 U.S.C. § 552a(a)(4). In addition, the Privacy Act prohibits an agency from disclosing any such record "which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the

record pertains, unless disclosure" falls within one of twelve enumerated exceptions.[13] This statute ensures that, unless an individual consents, his or her private identifying information will not be disclosed to the public unless an exception applies.[14]

The Plaintiffs contend that the exception in § 552a(b)(11), which allows disclosure upon

---

[13] These exemptions are:
> (1) to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties;
> (2) required under section 552 of this title;
> (3) for a routine use as defined in subsection (a)(7) of this section and described under subsection (e)(4)(D) of this section;
> (4) to the Bureau of the Census for purposes of planning or carrying out a census or survey or related activity pursuant to the provisions of title 13;
> (5) to a recipient who has provided the agency with advance adequate written assurance that the record will be used solely as a statistical research or reporting record, and the record is to be transferred in a form that is not individually identifiable;
> (6) to the National Archives and Records Administration as a record which has sufficient historical or other value to warrant its continued preservation by the United States Government, or for evaluation by the Archivist of the United States or the designee of
> (7) to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law, and if the head of the agency or instrumentality has made a written request to the agency which maintains the record specifying the particular portion desired and the law enforcement activity for which the record is sought;
> (8) to a person pursuant to a showing of compelling circumstances affecting the health or safety of an individual if upon such disclosure notification is transmitted to the last known address of such individual;
> (9) to either House of Congress, or, to the extent of matter within its jurisdiction, any committee or subcommittee thereof, any joint committee of Congress or subcommittee of any such joint committee;
> (10) to the Comptroller General, or any of his authorized representatives, in the course of the performance of the duties of the Government Accountability Office;
> (11) pursuant to the order of a court of competent jurisdiction; or
> (12) to a consumer reporting agency in accordance with section 3711(e) of title 31.

[14] Interestingly, the Privacy Act does not prohibit disclosure when the individual to whom the record pertains has consented to disclosure.

the "order of a court of competent jurisdiction", is applicable here. The order that the Plaintiffs refer to is the one issued by the state court compelling production. The state court made its determination without citation to any legal authority, but presumably based its decision upon 5 U.S.C. § 552a(b)(11) – the provision of the Privacy Act pursuant to which the Plaintiffs made their request for production. As noted earlier, such order was issued after the Plaintiffs initiated the action in this Court to review the Social Security Administration's response to the FOIA request.

The Court need not consider whether, in the abstract, state courts are courts of competent jurisdiction authorized to determine the applicability of the Privacy Act to FOIA requests, because the appeal of the FOIA denial was pending before this court when the determination was made by the state court. Once the appeal of the Social Security Administration's response to the FOIA request was initiated, only a federal court could determine whether disclosure was required under FOIA. 5 U.S.C. § 552(a)(4)(B). Therefore, the state court's determination is not binding; it is superceded by this determination.

## IV. Conclusion

At bottom, the subject request involves an involuntary disclosure of the social security number correlated with information about the disability claim and award for more than 11,000 individuals. Such disclosure serves a limited public interest, but constitutes an unwarranted invasion of personal privacy with little demonstrable benefit to persons holding the identified social security numbers. If the requested information were disclosed, FOIA provides no mechanism for a protective order which would limit dissemination. *See National Archives and Records Admin. v. Favish*, 541 U.S. 157, 174 (2003). Moreover, the same information could be

obtained, albeit not as conveniently, by the class members without risks inherent in the requested disclosure. Therefore, this Court concludes that FOIA Exemption 6 is applicable to preclude disclosure of the requested information correlated to particular social security numbers.

**IT IS THEREFORE ORDERED** that within 30 days of this Order, the Social Security Administration Administration shall disclose the total amount it has paid to the State of Colorado as reimbursement for the 11,282 individuals whose social security numbers are identified in the FOIA request. In addition, to the extent that such data is available, and within 30 days of this Order, the Social Security Administration shall disclose whether legal fees were awarded to individuals with any of the identified social security numbers and the aggregate amount of legal fees it has paid the State of Colorado for such fees. However, no disclosure shall be correlated to any claimant or social security number.

**IT IS FURTHER ORDERED** that:

(1) The Social Security Administration's motion filed in Civil Action No. 07-cv-01553-MSK-BNB **(#6)** to vacate the state court's order is **DENIED,** as moot. The state court's June 18, 2007 order directing the Social Security Administration to produce information to the Plaintiffs is superceded by this Order.

(2) The Social Security Administration's motion filed in Civil Action No. 07-cv-01156-MSK-BNB **(#9)** for summary judgment is **DENIED,** as moot.

(3) The motion to intervene **(#37)** filed by the Colorado Department of Human Services is **DENIED**.

(4)     The Clerk of Court is directed to close this consolidated case.

Dated this 21st day of December, 2007

                                              **BY THE COURT:**

                                              Marcia S. Krieger
                                              United States District Judge