IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 07-cv-01156-MSK-BNB**

CHAD MARTINEZ and
LARRY KING, individually and as class representatives,
        Plaintiffs,
v.

SOCIAL SECURITY ADMINISTRATION, an agency of the United States Government,
        Defendant.

and

**Civil Action No. 07-cv-01553-MSK-BNB**

CHAD MARTINEZ, and
LARRY KING, on behalf of themselves and others similarly situated,
        Plaintiffs,
v.

COLORADO DEPARTMENT OF HUMAN SERVICES and
OTERO COUNTY DEPARTMENT OF SOCIAL SERVICES,

        Defendants.

---

**SOCIAL SECURITY ADMINISTRATION'S MOTION TO AMEND JUDGMENT
UNDER FED. R. CIV. P. 59(e)**

---

The Social Security Administration ("SSA"), by its undersigned counsel, hereby

moves pursuant to Federal Rule of Civil Procedure 59(e) for reconsideration of the

Opinion and Order (Dkt. No. 50) and Amended Judgment ("Judgment") (Dkt. No. 54).

SSA requests that the Court reconsider its rulings in two respects.  First, the

Freedom of Information Act ("FOIA") requires only the production of agency

1

documents, not the creation of new documents and data as the Judgment requires.  The Court also lacks jurisdiction to enter the Judgment because the Judgment requires SSA to produce aggregate data, but aggregate data was never part of the FOIA request at issue and, therefore, hasn't been exhausted in the administrative process.

Second, even if the Court determines that it has jurisdiction to enter the Judgment, the Court should amend the Judgment to accord with FOIA's mandates.  SSA requests that the Judgment clarify: (1) that Plaintiffs bear the cost of SSA producing the relevant data, that SSA not be required produce that data until Plaintiffs pay the estimated costs, and that the time for SSA to comply with the Judgment will begin to run only once Plaintiffs pay the estimated costs, and (2) that SSA only produce data based on a search reasonably calculated to uncover relevant documents.

## STATEMENT UNDER D.C.COLO.LCivR 7.1

This motion was brought after conferring with counsel for Plaintiffs.  Counsel for SSA outlined for counsel for Plaintiffs the main relief SSA would seek in this motion in a call on December 31, 2007.  Counsel for SSA further attempted to confer with counsel for Plaintiffs on January 7, 2008, but was unable to speak with counsel for Plaintiffs directly.  Counsel for SSA did, however, leave a detailed voicemail describing the relief sought and followed up with another voicemail.  Counsel for the parties did not agree on a way to resolve the issues raised in this motion without the need to file this motion.

# ARGUMENT

## A.  The Judgment is beyond the jurisdiction of the Court.

The source of this Court's jurisdiction to consider this FOIA case is, as noted by the Court noted in its Opinion and Order, in FOIA itself.  Dkt. No. 50 at n. 9 (citing 5 U.S.C. § 552(a)(4)(B) as its jurisdictional source).  That jurisdictional grant, however, must be read narrowly.  As the Tenth Circuit has noted, "statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction."  *F & S Construction Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir.1964).  In this case, FOIA limits its jurisdiction in at least two ways which prevent the entry of the Judgment.  First, the Court only has jurisdiction to enjoin the production of pre-existing agency records.  Second, a FOIA request must have been administratively exhausted.

### 1.  The Court lacks jurisdiction to require SSA to create documents or produce data.

This Court's jurisdiction is limited to "enjoin[ing] the agency from withholding agency *records* and to order[ing] the production of any agency *records* improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B) (emphasis added).   Thus, courts lack authority under FOIA to require that an agency create new records.  For instance, in *Center for Public Integrity v. FCC*, 505 F.Supp.2d 106 (D.D.C. 2007), a plaintiff requested that the FCC be required to review a data field in a series of documents and then indicate whether the data fell within a certain range for each document.  The court found that it didn't have authority under FOIA to grant such a

request:  "Because agencies are not required to create new records to satisfy FOIA requests, the Court is without authority to require the FCC to adopt plaintiff's proposal for the disclosure of modified data."  *Id.* at 114*, see also Citizens Progressive Alliance v. U.S. Bureau of Indian Affairs,* 241 F. Supp. 2d 1342, 1365 (D.N.M. 2002) (agency responding to a FOIA request is "not required to either *create new records* or explain any records produced") (emphasis added) (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 161-62 (1975)).

Furthermore, FOIA only requires the production of documents, not data.  As the Supreme Court has held, "the Freedom of Information Act deals with 'agency records,' not information in the abstract."  *Forsham v. Harris*, 445 U.S. 169, 185 (1980); *see also Di Viaio v. Kelley*, 571 F.2d 538, 542-543 (10th Cir. 1978) ("it is clear that nothing in the Act [i.e., FOIA] requires 'answers to interrogatories' but rather *and only* disclosure of documentary matters which are not exempt.") (emphasis added, citations omitted).

The Judgment here requires SSA to create data and a new document.  The data the Judgment requires SSA to provide does not exist in a document in SSA files and would have to be created from a variety of sources.  Herrera Decl. ¶ 3.  As the court found in *Center for Public Integrity*, there is no jurisdiction under FOIA to require an agency to analyze documents to create new data and documents.  *Center for Public Integrity*, 505 F.Supp.2d at 114.  And the Judgment, on its face, addresses only data, not documents, but FOIA "deals with 'agency records,' not information in the abstract."  *Forsham*, 445 U.S. at 185.  Thus, FOIA doesn't provide a jurisdictional basis for the Judgment.

4

**2.  The Court lacks jurisdiction to issue the Order because no request for aggregate data was administratively exhausted.**

A FOIA request must be exhausted before a district court may consider it.  Some courts consider failure to exhaust a jurisdictional bar.  *See, e.g., McDonnell v. United States*, 4 F.3d 1227, 1240 & n. 9 (3d Cir. 1993) (affirming dismissal for lack of subject matter jurisdiction because of failure to exhaust), *United States v. Steele*, 799 F.2d 461, 465 (9th Cir. 1986).  Other courts don't consider failure to exhaust a jurisdictional defect, but still require exhaustion.  *See, e.g., Wilber v. CIA*, 355 F.3d 675, 676-77 (D.C. Cir. 2004) (ruling that exhaustion of FOIA request was not jurisdictional, but stating that district court correctly held that "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA.").  The Tenth Circuit, in an unpublished opinion, affirmed a dismissal for lack of jurisdiction in a FOIA case because the request wasn't exhausted, thus suggesting that it views exhaustion under FOIA as a jurisdictional requirement.  *Trenerry v. IRS*, 1996 WL 88459, at *1 (10th Cir. Mar. 1, 1996) (attached).

The exhaustion rule serves important ends.  As the Tenth Circuit observed in the context of another statute requiring exhaustion, but equally applicable to FOIA, "The purpose of the exhaustion rule is to permit agencies to exercise discretion and apply their expertise, to allow the complete development of the record before judicial review, to prevent parties from circumventing the procedures established by Congress, and to avoid unnecessary judicial decisions by giving the agency an opportunity to correct errors." *Urban by Urban v. Jefferson County Sch. Dist. R-1*, 89 F.3d 720, 724 (10th Cir. 1996),

*see also Scherer v. United States*, 241 F. Supp. 2d 1270, 1275 (D. Kan. 2003) (quoting *Urban by Urban*'s exhaustion rationale with respect to FOIA).

The goals of the exhaustion requirement can't be met here because the Court's Judgment requires the production of aggregate data, but no request for aggregate data was administratively exhausted.  The FOIA request that is the basis for this Court's jurisdiction was a FOIA request for at least seven data elements for each of 11,282 SSNs. Dkt. No. 50 at 5 (Order describing FOIA request).  Plaintiffs never made a FOIA request for aggregate data.  Thus, SSA has never had a chance to administratively consider releasing aggregate FOIA data.  Had such a request occurred, SSA would have had a chance to consider possible defenses to such a request, such as the fact FOIA only allows for the release of pre-existing records.

Furthermore, considering a FOIA request for aggregate data administratively might have also allowed SSA and Plaintiffs to have conferred to arrive at a solution short of litigation.  That would have saved the Court, and the parties, the expense of litigation. Plaintiffs may also have received information that better met their needs.  Instead, Plaintiffs sought aggregate rather than individual data only after they started this litigation.  Such a tactic undermines FOIA's administrative process and prevents the exhaustion rule from operating as it should.  In any case, the aggregate data issue wasn't exhausted and, therefore, there is no jurisdiction for an order requiring SSA to provide aggregate data.

**B.   The Judgment should be amended to comply with FOIA.**

If the Court does not vacate its Order and Judgment, SSA requests that the Court

clarify its Order and Judgment in several respects.

### 1.   Plaintiffs must pre-pay SSA's costs to find the data listed in the Judgment.

The Judgment doesn't specify which party must bear the burden of the costs of

compliance.   Because this is a FOIA case, Plaintiffs must pay FOIA fees.

FOIA provides that the party who requests documents under FOIA bears the costs

of an agency finding and producing responsive documents.  5 U.S.C. § 552(a)(3)(A)(ii)

(FOIA request must be made in accordance with published rules regarding, among other

things, fees).  Furthermore, FOIA allows an agency to require an advance payment of

fees if the cost to the agency would exceed $250.  5 U.S.C. § 552(a)(4)(v).

SSA's regulations implement those statutory provisions.  SSA's fee schedule is at

20 C.F.R. § 402.165(e) and provides that fees are charged for the manual searching and

review of records as well as the cost of duplicating records.  And SSA regulations require

that if an initial review of a request indicates that fees will exceed $250, SSA requires the

requestor to pay the estimated fees or a deposit "before we start searching for the records

you want."  20 C.F.R. § 402.180(b).

The commencement of a FOIA action doesn't relieve a requestor of the obligation

to pay fees for the production of the requested documents.  *Pollack v. Dep't of Justice*, 49

F.3d 115, 119-20 (4th Cir. 1995).

SSA estimates that it will cost about $8,703.50 and require about 75 hours of time to comply with the Judgment.  To arrive at this amount, SSA calculated the personnel costs and the other costs.  The personnel costs cover two employees, a GS-13/Step 6 employee, working 50 hours, and a GS-12/Step 6 employee, working 25 hours.  Herrera Decl. ¶17.  Multiplying their hourly rates by the number of hours they would be required to work results in a total personnel cost of $3,783.50.  *Id.*  The other costs, totaling $4,290, cover Computer Processing Unit time, including SSA indirect and overhead costs, Deputy Commissioner Systems Surcharge, and a 10% contingency for cost overruns.  *Id.*  After realizing the costs for SSA to create the data required by the Judgment, Plaintiffs may decide that the expense is too great.

Under normal circumstances, it would take SSA about 7 days to create the data required by the Judgment.  Herrera Decl. ¶ 18.  However, SSA will start incurring costs as soon as it starts work on creating that data.

In order for the Judgment to comply with FOIA's requirements regarding fees, SSA requests that the following be added to the Judgment:

> Plaintiffs shall pay for SSA's response to Plaintiffs' FOIA request as provided for in FOIA and SSA's regulations implementing FOIA.  *See* 5 U.S.C. §§ 552(a)(3)(A)(ii) & (a)(4)(A), 20 C.F.R. §§ 402.155-185.  The time for SSA to comply with this Judgment shall not begin to run until Plaintiffs have paid SSA a fee for the amount SSA estimates it will cost to create the data as required by this Judgment.

## 2.   FOIA only requires agencies to release documents that can be found after a reasonable search.

FOIA requires that an agency make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Schwarz v. FBI*, 1998 WL 667643, *1 (10th Cir. 1998) (attached) (citing *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).  A search may be reasonable under FOIA even if it actually fails to uncover responsive information.  *See, e.g., Duenas Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) ("[I]t is long settled that the failure of an agency to turn up one specific document does not alone render a search inadequate . . . .  After all, particular documents may have been accidently lost or destroyed, or a reasonable and thorough search may have missed them."); *Schwarz*, 1998 WL 667643, *1 (concluding that "the fact that the [agency's] search failed to turn up three documents is not sufficient to contradict the reasonableness of the FBI's search without evidence of bad faith."); *Citizens Comm'n on Human Rights v. FDA.*, 45 F.3d 1325, 1328 (9th Cir. 1995) (determining that search was adequate even agency spent 140 hours reviewing relevant files, notwithstanding fact that agency was unable to locate 137 of 1000 volumes of records).

The Judgment doesn't specify whether it requires SSA to go beyond FOIA's reasonable-search requirement.  The Judgment requires that SSA "disclose the total amount it has paid to the State of Colorado as reimbursement for the 11,282 individuals

whose social security numbers are identified in the FOIA request." While SSA intends to do so, the Judgment doesn't recognize that an agency in responding to a FOIA request is only required to make a search reasonably calculated to find the requested documents.

In order for the Judgment to comply with FOIA's requirements regarding searches, SSA requests that the following be added to the Judgment:

> SSA shall conduct a search to create the data specified in the Judgment, using methods which can be reasonably expected to create the data requested. This Judgment does not impose on SSA any requirement greater than or different from FOIA with respect to the search SSA must make to create data responsive to this Judgment.

## CONCLUSION

For the reasons given above, SSA requests that the Court vacate the Judgment for lack of jurisdiction because it requires SSA to create new data and a new document. In the alternative, SSA requests that the following be added to the Judgment:

- Plaintiffs shall pay for SSA's response to Plaintiffs' FOIA request as provided for in FOIA and SSA's regulations implementing FOIA. *See* 5 U.S.C. §§ 552(a)(3)(A)(ii) & (a)(4)(A), 20 C.F.R. §§ 402.155-185. The time for SSA to comply with this Judgment shall not begin to run until Plaintiffs have paid SSA a fee for the amount SSA estimates it will cost to create the data as required by this Judgment.

- SSA shall conduct a search to create the data specified in the Judgment, using methods which can be reasonably expected to create the data requested. This Judgment does not impose on SSA any requirement greater than or different from FOIA with respect to the search SSA must make to create data responsive to this Judgment.

DATED January 7, 2008.

Respectfully submitted,

TROY A. EID
United States Attorney

*s/ Timothy B. Jafek*
By:  Timothy B. Jafek
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado  80202
Telephone:    (303) 454-0100
Facsimile:    (303) 454-0407
timothy.jafek@usdoj.gov


Attorneys for the Social Security
Administration

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on January 7, 2008, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail addresses:

robert.douglas@state.co.us
alisa.campbell@state.co.us
amber.gibson@state.co.us
chery.zerkle@state.co.us
nancy.brookins@state.co.us
anne.holton@state.co.us
lgarrison@careylaw.co
gbeck@careylaw.com
rob.carey@att.net
kuhl@careylaw.com
Jennifer.Weaver@state.co.us
Chery.Zerkle@state.co.us
timothy.jafek@usdoj.gov
USACO.ECFCivil@usdoj.gov
michael.miller8@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the nonparticipant's name:

None.

*s/ Timothy B. Jafek*
Timothy B. Jafek