IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01156-MSK-BNB
(Consolidated with Civil Action No. 07-cv-01553-MSK-BNB)

CHAD MARTINEZ, and
LARRY KING, individually and as class representatives,

       Plaintiffs,

v.

SOCIAL SECURITY ADMINISTRATION, an agency of the United States Government,

and

CHAD MARTINEZ, and
LARRY KING, individually and as class representatives,

       Plaintiffs,

v.

COLORADO DEPARTMENT OF HUMAN SERVICES, and
OTERO COUNTY DEPARTMENT OF SOCIAL SERVICES,

       Defendants.

## ORDER ON MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court on a motion **(#55)** filed by the Defendant, Social Security Administration,[1] seeking reconsideration of this Court's Order **(#50)** directing it to produce information under the Freedom of Information Act. The Plaintiffs responded **(#63),** and the Defendant replied **(#64)**. Having considered the same, the Court

---

[1] For purposes of this Order, the Social Security Administration is referred to as "the Defendant."

**FINDS** and **CONCLUDES** that:

On December 21, 2007, the Court issued an Opinion and Order ("the Production Order") on the Plaintiffs' claim asserted against the Defendant under the Freedom of Information Act ("FOIA"). The Court concluded that, with regard to the Plaintiffs' FOIA request, Exemption 6 of FOIA precluded disclosure of some information, but that the Defendant was required to produce other information encompassed within the FOIA request. In specific, the Court ordered that the Defendant:

> shall disclose the total amount it has paid to the State of Colorado as reimbursement for the 11,282 individuals whose social security numbers are identified in the FOIA request. In addition, to the extent that such data is available, and within 30 days of this Order, the Social Security Administration shall disclose whether legal fees were awarded to individuals with any of the identified social security numbers and the aggregate amount of legal fees it has paid the State of Colorado for such fees. However, no disclosure shall be correlated to any claimant or social security number.

The Court granted **(#53)** the Plaintiffs' later, unopposed, request that this language be amended to read that the Defendant:

> shall disclose the total amount it has paid to the State of Colorado as reimbursement for the 11,282 individuals whose social security numbers are identified in the FOIA request, and shall disclose whether legal fees were approved and/or paid on behalf of individuals with any of the identified social security numbers, the number of such instances, and the aggregate amount of legal fees it has paid for such fees, and that no disclosure shall be correlated to any claimant or social security number.

The Defendant now moves for reconsideration of the Production Order, for essentially four reasons: (1) the Court only has jurisdiction to order the disclosure of "documents" under FOIA, and lacks jurisdiction to order the disclosure of "information"; (2) the Court lacks

2

jurisdiction to order the production of aggregate data because the Plaintiffs never sought aggregate data in their initial FOIA request; (3) the Court failed to specify that the Plaintiffs should pay for the cost of generating the information in aggregate form before the Defendant is obligated to generate it; and (4) the Court failed to specify that the Defendant is only obligated to produce records based upon a search which is reasonably calculated to uncover the relevant documents.

The Plaintiffs respond that the Court should deny the motion because the Court's ruling was not erroneous. As to the four arguments enumerated above, the Plaintiffs contend that the first two were previously asserted and rejected by this Court, and the last two are arguments which should have been raised previously and are waived. They also argue that FOIA permits an order to disclose information, and that they exhausted administrative remedies on their claim for information. They further assert that under the Defendant's regulations, costs should or can be waived, and that the costs estimated by the Defendant are unreasonable and exceed what the Defendant's regulations allow. They do not dispute that the Defendant's disclosure obligation is based upon a reasonableness standard.

**A. Standard of Review**

Whether the Court treats the Defendant's motion for reconsideration as one under Fed. R. Civ. P. 59 or 60 makes no practical difference. Under either rule, there are three possible grounds which warrant reconsideration: (1) an intervening change in controlling law, (2) new evidence which was previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). In such a motion, it is not appropriate to revisit issues which the Court already addressed, nor to advance

arguments that could have been raised during prior briefing. *Id.* However, the issue of the Court's subject matter jurisdiction can be raised at any time.

Here, the Defendant does not argue that there was an intervening change in the controlling law, nor that it has found new evidence. Rather, it argues that the Court's ruling was legally erroneous, partly for lack of jurisdiction. Therefore, Court reconsiders its ruling to determine whether it was clearly erroneous or results in manifest injustice.

**B. Does the Court have Jurisdiction to Require the Defendant to Produce Aggregate Data?**

In its first two arguments, the Defendant contends that the Court lacks jurisdiction to order the production of aggregate data under FOIA, because the Court can only order production of "documents" and the Plaintiffs did not exhaust a request for aggregate data. Both arguments are premised upon a strained reading of FOIA, the Plaintiffs' FOIA request, and the Defendant's own regulations.

FOIA requires an agency to disclose "records" when anyone requests them. 5 U.S.C. § 552(a)(3)(A). Likewise, this Court can compel an agency to produce "records." 5 U.S.C. § 552(a)(4)(B). The term "record" is defined to include "any <u>information</u> that would be an agency record subject to the requirements of this section when maintained by an agency in any format, including an electronic format." 5 U.S.C. § 552(f)(2) (emphasis added).[2] FOIA also states: "In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by

---

[2] This definition was added to FOIA in 1996 as part of the "Electronic Freedom of Information Act Amendments of 1996".

In *DiViaio v. Kelley,* 571 F.2d 538 (10th Cir. 1978), a case relied upon by the Defendant, the Tenth Circuit explained that the term "record" in FOIA was not defined, and then applied its own definition. Obviously, the Court must follow the subsequent definition in FOIA.

4

the agency in that form or format." 5 U.S.C. § 552(a)(3)(B).[3] Thus, the Defendant's suggestion that it cannot be compelled to disclose anything apart from specific documents runs contrary to the plain language of FOIA itself.

Defendant's own regulations also acknowledge the obligation to produce information, as opposed to mere documents. The Defendant defines the term "record" in two separate regulations. The first, 20 C.F.R. § 401.25, provides: "<u>Record means any item</u>, collection, or grouping <u>of information</u> about an individual that is maintained by SSA[.]" (Emphasis added). The second, 20 C.F.R. § 402.30, states in relevant part: "Records means <u>any information</u> maintained by an agency, regardless of forms or characteristics, that is made or received in connection with official business." (Emphasis added).

Two of the Defendant's other regulations also address the obligation to produce information. The note to 20 C.F.R. § 401.35 states: "The Freedom of Information Act (see 20 CFR part 402) allows you to request information from SSA whether or not it is in a system of records." Similarly, 20 C.F.R. § 401.130 states: "The FOIA requires us to disclose any information in our records upon request from the public, unless one of several exemptions in the FOIA applies." Thus, FOIA allows this Court to direct the Defendant to produce information responsive to a FOIA request, even in aggregate form.

The Defendant's argument that the Plaintiffs did not exhaust their request for aggregate data is not new. The Defendant previously raised this argument, and although the Court did not directly address it, the Court implicitly rejected it in the Production Order. The Court now makes an explicit ruling. The request for aggregate data was encompassed within the Plaintiffs' FOIA

---

[3] This provision was also added to FOIA in 1996.

5

request, even if the word "aggregate" does not appear in it. The FOIA request sought disclosure of specific data in a specific format, but it also stated that the Plaintiffs sought general data that it characterized as critical, *i.e.*, "Critical data required for the calculation of damages in [the class action] are the amount of legal fees paid by class members, or sufficient data to estimate that amount." Although the Plaintiffs sought individualized data, they also sought any data which would allow them to calculate attorney fees for the class members. Of the vast information which the Plaintiffs sought, the Court ordered that the SSA produce only a sliver of it.

**C. Should the Court Order the Plaintiffs to Pay the Cost of Production?**

In this action, the Defendant did not previously request advance payment of production costs. For this reason, the Plaintiffs contend that the request for such fee at this juncture is untimely. However, the Court doubts that the Defendant could intuit what this Court would order it to produce, or how much it would cost the Defendant to produce it. The request is therefore timely, and the Court now considers it.

No statute requires the imposition of production costs, or fees, when an agency produces information in response to a FOIA request. Rather, FOIA allows agencies to determine when production fees should be imposed, waived, or reduced in conjunction with a FOIA request. 5 U.S.C. §§ 552(a)(3)(A)(ii) & (a)(4). An agency is usually permitted to assess a "reasonable standard charg[e]" for compliance with a FOIA request.

However, FOIA provides: "Documents shall be furnished without any charge or at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the

6

requester." 5 U.S.C. § 552(a)(4)(A)(iii).   The Plaintiffs request a fee waiver under this statute.[4]

Interestingly, it is in this context where FOIA makes a specific reference to "documents," as opposed to "records" or "information."  However, the Tenth Circuit has stated that this fee waiver provision is to be liberally construed in favor of a fee waiver for a noncommercial requester.  *See Forest Guardians v. U.S. Dept. of Interior,* 416 F.3d 1173, 1178 (10th Cir. 2005) (citations and quotations omitted).   Within this context, other courts have broadly construed the statute to apply to requests for records in varying formats.  *See Carney v. U.S. Dept. of Justice,* 19 F.3d 807, 814-16 (2d Cir. 1994); *McClellan Ecological Seepage Situation v. Carlucci,* 835 F.2d 1282 (9th Cir. 1987).

In the Production Order, the Court stated: "Because the request includes information as to amounts paid by the Social Security Administration to the State of Colorado, it implicates a public interest – the information sheds light on whether and how the Social Security Administration has complied with its statutory obligation to provide Supplemental Security Income benefits to qualified applicants, and whether and how it has complied with an obligation to reimburse the State of Colorado for benefits the State provided on an interim basis."  However, the Court did not address whether disclosure was "primarily in the commercial interest" of the Plaintiffs.

There is case law which stands for the proposition that a disclosure is not primarily in the requester's commercial interest if the information is sought to aid in the requester's lawsuit.  In *McClellan*, a case cited with approval by the Tenth Circuit in *Forest Guardians*, the Ninth Circuit

---

[4] The Defendant argues that the Plaintiffs' request for a fee waiver is not properly before this Court because the Plaintiffs did not administratively exhaust it. The Court rejects this argument, for two reasons. First, it is inconsistent with the Defendant's argument that the Court should order advance payment of the production costs. Second, the Plaintiff tendered a $250 check with its FOIA request, which the Defendant rejected. Therefore, the fee issue is properly before this Court.

7

stated:

> Claims for damages do not constitute a commercial interest-at least not when the claims are grounded in tort. The D.C. Circuit has held that the term "commercial" is to be given its ordinary meaning when read in conjunction with FOIA. *Public Citizen Health Research Group v. Food and Drug Administration,* 704 F.2d 1280, 1290 (D.C.Cir.1983) (discussing exemption to FOIA). Information is commercial if it relates to commerce, trade, or profit. *See* Department of Defense Freedom of Information Act Program, 52 Fed.Reg. 13641, 13655 (1987) (to be codified at 32 C.F.R. 286.33) (defining categories of requesters for fee assessment). Information helpful to a tort claim furthers a requester's interest in compensation or retribution, but not an interest in commerce, trade, or profit. Therefore requesters have no commercial interest in disclosure of the information; they satisfy this part of the fee waiver test.

This is consistent with the Defendant's own regulation, 20 C.F.R. § 402.185, which states: "'Commercial interests' include interests relating to business, trade, and profit."

Here, the benefit to the Plaintiffs is that the data will assist them in the underlying class action in proving the amount of the class members' loss. Thus, the information furthers the requesters' interest in compensation or retribution for a loss, <u>not</u> an interest in commerce, trade, or profit. As a consequence, the Defendant is statutorily required to either waive or reduce the fee.

Because the Defendant may elect to reduce the fee, rather than waive it, the Court considers what a reasonable fee would be prior to any reduction.[5] The Defendant's fee schedule is set forth in 20 C.F.R. § 402.165. This regulation states in relevant part:

> The following is our fee schedule for providing records and related

---

[5] The Court notes that 20 C.F.R. § 402.185(d) provides: "Deciding between waiver and reduction. If the disclosure passes both tests, we will normally waive fees. However, in some cases we may decide only to reduce the fees. For example, we may do this when disclosure of some but not all of the requested records passes the tests."

> services under the FOIA:
>
> (a) Manual searching for or reviewing of records. When the search or review is performed by employees at grade GS-1 through GS-8, we will charge an hourly rate based on the salary of a GS-5, step 7, employee; when done by a GS-9 through GS-14, an hourly rate based on the salary of a GS-12, step 4, employee; . . . . In each case, we will compute the hourly rate by taking the current hourly rate for the specified grade and step, adding 16% of that rate to cover benefits, and rounding to the nearest whole dollar. . . .
>
> (b) Computer searching and printing. We will charge the actual cost of operating the computer plus charges for the time spent by the operator, at the rates given in paragraph (a) of this section. . . .
>
> (g) Other special services. For performing any other special service that you request and we agree to, we will charge the actual costs of operating any machinery, plus actual cost of any materials used, plus charges for the time of our employees, at the rates given in paragraph (a) of this section. . . .

The Defendant first submitted an affidavit from Pete Herrera, a Social Security Administration Commissioner, who opined that the cost of production will be approximately $8,703.50 and require 75 hours of time. This calculation was premised upon: (1) 50 hours of work by a GS 13/Step 6 employee, and 25 hours of work by a GS 12/Step 6 employee, valued together at $3,783.50; plus (2) $4,290 for use of computer resources, a surcharge, and a 10% contingency for cost overruns.

The Plaintiffs object to Mr. Herrera's estimate because he did not follow the regulation and failed to use the correct hourly rate. They also contend that the estimate for use of computer resources is too high, and improperly includes surcharge and contingency amounts.

Subsequent to the Plaintiffs' objection, and in apparent recognition that Mr. Herrera's affidavit did not properly estimate the fee based upon the Defendant's regulation, the Defendant

submitted a new affidavit from Bill Zielinski, who is a Social Security Administration Deputy Associate Commissioner. He estimated the total cost to be $6,298.99 – approximately $2,400 less than Mr. Herrera's estimate. This calculation was premised upon: (1) 75 hours of work at $36.77 per hour, which is the rate of a GS 12/Step 4 employee in Baltimore, which he increased by 16%, for a total of $3,198.99; plus (2) $3,100 for use of computer resources, which includes $1,100 for the actual machine cost, $1,400 for overhead and utility costs, *i.e.* "keeping the lights on," an IT Special Expense Rate of $300 "to fund the development of a system to assist in the management of all reimbursable work", and a 10% contingency of $300 for cost overruns.

The $3,198.99 estimated human resource cost is based upon a straightforward application of the Defendant's regulation. The $1,100 cost of operating the computer machinery, the $1,400 for overhead and utility costs, and the $300 IT Special Expense Rate also are permitted by the regulation. However, the Defendant has not pointed to any regulation which authorizes the $300 contingency for cost overruns. Thus, the Court concludes that a reasonable estimate for the production costs – prior to any reduction – is $5,998.99. If the Defendant elects to reduce the fee rather than waive it, then it may, in its discretion, require payment of a fee of less than $5,998.99.

The Plaintiffs contend that advance payment of the fee is not required by the Defendant's regulations, and they ask that they be permitted to pay only a $1,000 deposit. Under 5 U.S.C. § 552(a)(4)(A)(v), an agency may require advance payment if the fee will exceed $250. Consistent therewith, the Defendant's fee regulation states, in pertinent part:

> [I]f our initial review of your request indicates that we will charge you fees exceeding $250, we will require you to pay . . . the estimated fees, or a deposit, before we start searching for the records you want. If so, we will let you know promptly upon receiving your request. In such cases, administrative time limits

> (i.e., ten working days from receipt of initial requests and 20
> working days from receipt of appeals from initial denials, plus
> permissible extensions of these time limits) will begin only after we
> come to an agreement with you over payment of fees, or decide
> that fee waiver or reduction is appropriate.

20 C.F.R. § 402.180(b). The same regulation also states: "We will normally require you to pay all fees before we furnish the records to you. We may, at our discretion, send you a bill along with or following the furnishing of the records." 20 C.F.R. § 402.180(c).

Here, the Defendant did not promptly inform the Plaintiffs that it would require payment of the estimated fees before producing any records. Quite to the contrary, it returned the Plaintiffs' $250 deposit. Nevertheless, both FOIA and the Defendant's regulation clearly authorize it to require advance payment of the production fee. If the Defendant elects to require an advance payment of the fee, then the Court will condition the Defendant's production upon such advance payment.

**D. Should the Court Order the Defendant to Act Reasonably?**

As for the Defendant's last argument, it asks that the Court's Production Order be amended to include the following language: "SSA shall conduct a search to create the data specified in the [Production Order], using methods which can be reasonably expected to create the data requested. This [Production Order] does not impose on SSA any requirement greater than or different from FOIA with respect to the search SSA must make to create data responsive to this [Production Order]."

The Plaintiffs' only objection to this is that it is raised for the first time in a motion for reconsideration. They agree that the Defendant's only obligation under FOIA is to perform a reasonable search, and contend that the clarification sought by the Defendant is unnecessary.

However, they propose alternative language to that proposed by the Defendant: that the Defendant shall "conduct a search for the specified information using methods which can be reasonably expected to locate the information, [but] no requirement is imposed on the SSA any greater than or different from the FOIA, and that in the event that all relevant information is not found after a reasonable search, SSA is required to provide documentation sufficient to demonstrate the reasonableness of the search[.]"

The Court concludes that there is no need to order the Defendant to perform its obligations in a reasonable manner. This is implicit in the Production Order. The Court also declines the Plaintiffs' invitation to additionally require the Defendant to provide documentation of its efforts to locate and produce information responsive to the FOIA request; the Plaintiffs did not make such a request, previously, and the instant request to impose this additional burden on the Defendant is untimely.

**IT IS THEREFORE ORDERED** that:

(1) The Defendant's motion for reconsideration **(#55)** is **GRANTED IN PART** and **DENIED IN PART**. The Court reconsiders the Production Order directing the Defendant to produce information under FOIA, but does not alter its conclusion.

(2) Within 7 days of this Order, the Defendant shall decide whether it will waive the production fee, or whether it will impose a reduced fee, and shall advise the Plaintiffs of its decision.

(3) If the Defendant elects to waive the fee, then it shall have 10 calendar days from the date of such election to produce the records as required by the Production Order.

(4) If the Defendant elects to impose a reduced fee, then it shall have 10 calendar days from the date when the Plaintiffs pay such fee to produce the records as required by the Production Order.

(5) A declaratory judgment shall enter consistent with the Court's rulings in this case.

Dated this 18th day of February, 2008

                        **BY THE COURT:**

                        */s/ Marcia S. Krieger*

                        Marcia S. Krieger
                        United States District Judge